**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| Steven W. Piper, | : | Case No. 3:05 CV7147 |
| Plaintiff, | : | |
| v. | : | |
| City of Celina, *et al.*, | : | **MAGISTRATE'S REPORT AND RECOMMENDATION** |
| Defendants. | : | |

This breach of contract case filed pursuant to 42 U. S. C. § 1983 was referred to the undersigned Magistrate for disposition of all pretrial matters. Pending before the Court are Defendants City of Celina and Collin Bryan's Motion to Dismiss (Docket No. 4), Plaintiff's Amended Opposition (Docket No. 16) and Defendants' Reply (Docket No. 19). For the reasons stated below, the Magistrate recommends that the Defendants' Motion to Dismiss be granted only as to Plaintiff's Fifth Amendment claim.

**FACTUAL BACKGROUND**

The basic facts are not in dispute. Plaintiff, a resident of Celina, Mercer County, Ohio, is owner and operator of Piper Trucking (Docket No. 1, ¶s 3, 8). Defendant City of Celina, located in Mercer County, Ohio, is a political subdivision organized under the laws of the State of Ohio (Docket No. 1, ¶ 4).

Collin Bryan, a Mercer County, Ohio, resident, is a member of the Celina City Council (Docket No. 1, ¶ 5). William G. Heffner, a Franklin County, Ohio, resident is the executor of the estate of Ralph E. Heffner (Docket No. 1, ¶ 6). In that capacity, he has a managing member interest in Heffner Investments, Incorporated (Docket No. 6, First Codicil to Last Will and Testament of Ralph E. Heffner).

On August 28, 2002, Plaintiff and Defendant Heffner entered into a lease agreement commencing on September 1, 2002 and ending on August 31, 2003. The lease consisted of the use of a concrete block building and certain real estate (the shop property) located in Mercer County, Ohio (Docket No. 6, Lease Agreement). During the course of the lease, Plaintiff paid rent of $500 monthly and made several capital improvements to the concrete block building (Docket No. 1, ¶ 16). On February 27, 2003, Defendant Heffner (1) conveyed the shop property to Heffner Investments (Docket No. 6, Fiduciary Deed); (2) transferred and assigned all right title and interest in the lease agreement with Plaintiff to Heffner Investments (Docket No. 6, Defendant's Exhibit G); and (3) entered into a lease agreement with an option to purchase with the Defendant City on July 22, 2003 for the shop property (Docket No. 6, Exhibit E, Lease Agreement, ¶s 1, 5). The lease was for a term of eighteen months commencing September 1, 2003 and ending on February 28, 2005 (Docket No. 6, Exhibit E, Lease Agreement, ¶ 3).

On September 9, 2003, Defendant Heffner issued a notice to Plaintiff requesting that he vacate the shop property (Docket No. 6, Notice to Leave the Premises (For Commercial Use Only)). Defendant Heffner filed a forcible entry and detainer (FED) action in the Celina Municipal Court (Docket No. 6, Docket Sheet for Case No. 03CVG00785). In his counterclaim, Plaintiff asserted his claim of ownership to the shop property (Docket No. 6, p. 18).

The case was transferred to the Mercer County Common Pleas Court on March 3, 2004 (Docket

No. 6, Docket Sheet for Case No. 04-CIV-036)[1]. Defendant City was made a party to this litigation. Pending in the state litigation is Plaintiff's Amended Motion for Judgment on the Pleadings[2] and a Motion for Summary Judgment.[3] Plaintiff claims that in February 2005, Defendant City adopted an ordinance to appropriate the shop property by eminent domain (Docket No. 1, ¶ 52). The case has been stayed (Docket No. 1, ¶ 51).

Plaintiff filed this case claiming that Defendant Heffner waived the requirements under the statute of frauds by promising to sell the shop property to him for $180,000. He seeks an order requiring Defendant Heffner in his capacity of managing member of Heffner Investments, to transfer legal title of the shop property to him and/or to enjoin Defendant Heffner from, in effect, transferring title of the shop property to Defendant City. Defendants City and Bryan seek dismissal of Plaintiff's claims pursuant to FED. R. CIV. P. 12(b)(1).

## MOTION TO DISMISS STANDARD

When subject matter jurisdiction is challenged pursuant to 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion. *Michigan Southern R.R. Co. v. Branch & St. Joseph*

---

[1] When an action in FED is filed in a municipal court and involves several issues which the municipal court does not have jurisdiction to determine, it is error for the court to decide only the forcible entry and detainer part of the case, rather than transferring the entire action to the common pleas court for a complete adjudication upon all the issues involved. *Richwood Homes v. Brown*, 444 N. E. 2d 463, 464, 3 Ohio App. 3d 204, 205 (1981).

[2] Plaintiff alleged that Defendant City failed to "set up" a claim for the shop property and had merely suggested that it might. Plaintiff argued that if the Defendant City made no claim, Defendant Heffner agreed to convey the shop property to Plaintiff (Docket No. 6, Amended Motion for Judgment on the Pleading).

[3] Defendant Heffner argues that Plaintiff has no claim to the shop property. Plaintiff requested that the court enforce the agreement to sell him the shop property (Docket No. 6, pp. 16, 18).

*Counties Rail Users Association, Inc.*, 287 F.3d 568, 573 (6th Cir. 2002) (*citing Moir v. Greater Cleveland Regional Transit Authority*, 895 F.2d 266, 269 (6th Cir. 1990)).  Specifically, the plaintiff must show that the complaint "alleges a claim under federal law, and that the claim is 'substantial.' " *Id*. (*citing Musson Theatrical, Inc*., 89 F.3d at 1248.  The plaintiff will survive the motion to dismiss by showing "any arguable basis in law" for the claims set forth in the complaint.  Id.  The Court will construe the complaint in a light most favorable to the plaintiff, accept as true all of plaintiff's well-pleaded factual allegations, and determine whether the plaintiff can prove no set of facts supporting [the] claims that would entitle him to relief.  *Id.* (*citing Ludwig v. Board of Trustees of Ferris State University,* 123 F.3d 404, 408 (6th Cir. 1997)).

## DISCUSSION

Essentially, Plaintiff contends that he has an enforceable agreement to purchase the shop property and that Defendants City and Bryan violated his rights guaranteed under the Fifth Amendment by passing an ordinance to appropriate the shop property by eminent domain.  Specifically, Defendants City and Bryan conspired to take the shop property to defeat his legal or equitable claims in such property.   Defendants City and Bryan deny such allegations and contend that Plaintiff failed to exhaust applicable state law remedies and therefore his federal claim under the Fifth Amendment is not ripe for adjudication.

Ripeness is more than a mere procedural question; it is determinative of jurisdiction.  *Bigelow v. Michigan Dept. of Natural Resources*, 970 F.2d 154, 157 (6th Cir. 1992).  If a claim is unripe, federal courts lack subject matter jurisdiction and the complaint must be dismissed.  *Id*.  This deficiency may be raised sua sponte if not raised by the parties.  *Id*. (*citing Southern Pacific Transportation Company v. City of Los Angeles*, 922 F.2d 498, 502 (9th Cir. 1990), *cert. denied*, 112 S. Ct. 382 (1991) (citation

4

omitted)).

A just compensation claim is not ripe until the landowner has pursued the available state procedures to obtain just compensation. *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, 105 S. Ct. 3108, 3121 (1985). The Fifth Amendment to the United States Constitution requires that in order for government to acquire private property using eminent domain, the property must be taken "for public use" and compensation paid. *Brown v. Legal Foundation of Washington*, 123 S. Ct. 1406, 1417 fn. 6 (2003). If a state provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until the owner has used the state procedure and been denied compensation. *Williamson*, 105 S. Ct. at 3121. In effect, the state's action does not constitute a constitutional injury unless or until the state fails to provide an adequate post-deprivation remedy for the property loss. *Hudson v. Palmer*, 104 S. Ct. 3194, 3203 n. 12 (1984); *Silver v. Franklin Township Board of Zoning Appeals*, 966 F.2d 1031, 1034 (6th Cir. 1992).

While Section 19, Article I of the Ohio Constitution protects the inviolability of private property, an individual's inviolate right to possess land free from state interference must yield to the state's eminent domain power. Where private property is taken for a public use, a compensation shall be made in money, or first secured by a deposit of money. OHIO CONST. art. I, § 19. Appropriations in Ohio shall be made only after the agency is unable to agree with the **owner.** OHIO REV. CODE § 163.04 (Thomson/West 2005). An agency may commence proceedings in a proper court by filing a petition for appropriation of each parcel or contiguous parcels in a single ownership, interest or right therein. OHIO REV. CODE § 163.05 (Thomson/West 2005). The owner is served with a copy of the summons and petition and is permitted file an answer. OHIO REV. CODE §§ 163.07, 163.08 (Thomson/West). A person claiming an interest in the

property described in the appropriation proceeding must intervene as a party defendant prior to the jury trial on compensation or be bound by the final judgment awarding such compensation. OHIO REV. CODE § 163.07 (Thomson/West 2005).

Plaintiff's claim under the Fifth Amendment is clearly not ripe for adjudication for three reasons. First, the government is authorized under the Fifth Amendment to take a landowner's property. The only issue in the condemnation proceeding is whether the compensation paid to the landowner for the taking is just. Plaintiff has presented no evidence that the condemnation proceeding has been commenced or a final decision from the governmental agency charged with implementing Defendant City's resolution[4]. Second, once the taking has occurred, the landowner and any person claiming an interest in the property may, in a hearing on the petition for compensation, contest the amount of compensation only. Plaintiff has failed to present evidence that the taking occurred, that he intervened in such proceeding to determine just compensation or that a final decision by the government has been made. Third, the Mercer County Common Pleas Court has jurisdiction to determine whether Plaintiff should vacate the shop premises and to address ownership issues raised in Plaintiff's counterclaim. A determination has not been made as to what interest, if any, Plaintiff may have in the shop property.

Assuming that the facts asserted by Plaintiff are true, this Court is without jurisdiction to address the merits of the condemnation process. However, this Court has jurisdiction and can determine if the compensation awarded Plaintiff for his interest in the property is just. Unless and until Plaintiff exhausts his remedies under the state statutory scheme, this Court cannot address his claims under the Fifth Amendment.

---

[4] The resolution has not been approved by Defendant City's mayor, council president, clerk or city law director (Docket No. 6, Exhibit A).

Such claims are clearly not ripe for adjudication.

Defendants City and Bryan did not address Plaintiff's conspiracy and Fourteenth Amendment Due Process and Equal Protection claims; consequently, the Magistrate does not address those claims. Such claims are subject to disposition by the Court.

For these reasons, the Magistrate recommends that Defendant's Motion to Dismiss be granted only as to Plaintiff's Fifth Amendment claim.

/s/Vernelis K. Armstrong
Vernelis K. Armstrong
United States Magistrate Judge

**Notice**

Please take notice that as of this date the Magistrate's Report and Recommendation attached hereto has been filed.

Please be advised that, pursuant to Rule 72.3(b) of the Local Rules for this district, the parties have ten (10) days after being served in which to file objections to said Report and Recommendation. A party desiring to respond to an objection must do so within ten (10) days after the objection has been served.

Please be further advised that the Sixth Circuit Court of Appeals, in *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981) held that failure to file a timely objection to a Magistrate's Report and Recommendation foreclosed appeal to the Court of Appeals. In *Thomas v. Arn*, 106 S. Ct. 466 (1985), the Supreme Court upheld that authority of the Court of Appeals to condition the right of appeal on the filing of timely objections to a Report and Recommendation.
(6th Cir. 1992).